IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SARBABI MASINDET, M.D., | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: __2:19-cv-1283-DCN-BM__ |
| | ) |
| vs. | ) |
| | ) |
| Bon Secour St. Francis Hospital; Roper St. Francis Hospital; Mount Pleasant Hospital; STANLEY M. WILSON, M.D., Vice-President of Medical Affairs, individually and in his official capacity with Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital; SCOTT L. WOODFIELD, M.D., Chairman of the Cardiology Department, individually and in his official capacity with Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital; TODD SHUMAN, M.D., Vice President and/or Chief Physician Officer, individually and in his official capacity with Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital; SCOTT DAVIDSON, M.D., individually and/or in his official capacity that he holds or held with Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital, | ) ) ) ) ) ) ) ) ) **COMPLAINT** ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Comes now the Plaintiff, Sarbabi Masindet, M.D., by and through undersigned counsel, alleges and says unto this Honorable Court the following:

1

## Introduction

1. This is an action seeking declaratory judgment, equitable relief, compensatory damages, punitive damages, costs, and attorney's fees for discrimination based on race and national origin in violation of the 1991 Civil Rights Act; 42 U.S.C.A. 1981, as amended; 42 U.S.C.A. 1985, *et. seq.*; Title VI, §1557 of the Affordable Care Act, and civil conspiracy.

## Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 *et. seq.* and 42 U.S.C. a 2000 *et. seq.*

3. Compensatory and punitive damages are sought pursuant to the 1991 Civil Rights Act *et. seq.* as amended; 42 U.S.C.A. 1981, *et. seq.*, as amended; 42 U.S.C.A. 1985, *et. seq.*, as amended; and Title VI of the 1964 Civil Rights Act.

4. Furthermore, the Plaintiff seek attorney's fees the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act, as well as other appropriate Federal and State Statute that allows for attorney's fees to be recouped and recovered in these types of action.

5. The venue of this action lies in the Charleston Division of the South Carolina District Court because the Plaintiff currently resides in the County of Charleston, State of South Carolina. Further, the Defendants are corporations, individuals or partnerships, existing under the State of South Carolina with their principal place of business located in the County of Charleston, State of South Carolina.

**Parties**

6. Plaintiff is an American citizen who is an African-American physician with privileges at the Defendants' hospital. Additionally, the Plaintiff is board-certified in his chosen specialty and/or subspecialty.

7. Plaintiff, Dr. Masindet is board certified in Internal Medicine and Cardiovascular Diseases and has been in private practice in Charleston County, South Carolina since 1995. Plaintiff, Masindet was, among other things, Assistant Clinical Instructor in Medicine at State University of New York in Stony Brook, New York from 1993 to 1995.

8. That at all times relevant herein, the Defendants, Stanley M. Wilson, M.D., Scott L. Woodfield, M.D., Todd Shuman, M.D., and Scott Davidson, M.D., were acting or acted individually and/or in their official capacities with Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital relative to the matters and things hereinafter alleged.

**Facts**

9. That at all times relevant herein, Plaintiff asserts that some, if not all, of the Defendants received federal funds for a number of reasons in rendering services to their patients.

10. The Defendants are principally, *inter alia*, engaged in the business of providing health care to the citizens of the State of South Carolina.

11. Further, Plaintiff asserts that the Defendants received federal financial assistance under §1557 *et. seq.* of the Affordable Care Act, as well as Medicaid or Medicare,

and other financial assistance from the federal government in regards to rendering heath care to citizens of this state.

12. The Defendants have repeatedly and consistently engaged in a course of conduct that was designed to violate the Plaintiff's rights as a physician under 42 U.S.C.A. 1981; 42 U.S.C.A. 1985, *et. seq.*; Title VI of the 1964 Civil Rights Act; and the 1991 Civil Rights Act, as amended. Plaintiff is informed and believes that the Defendants, by and through their agents, servants, and employees, have, over the years, specifically directed medical staff personnel to not refer patients to the Plaintiff solely because of his national origin and/or race.

13. For example, Plaintiff recalls a list that was in writing that contained the names of minority and/or African-American doctors that was composed for the purpose of preventing hospital staff, including, but not limited to, on-call doctors and/or hospitalists, for the purpose of not referring any patients to these African-Americans or minority doctors.

14. Plaintiff asserts that the hospitalists, including on-call doctors, were and are directed by senior-level management officials, including some of the Defendants named individually herein, to refer patients to Caucasian doctors and/or medical groups to the exclusion of minority doctors and/or African-American medical groups.

15. The Plaintiff, as well as other African-American doctors, have, on more than several occasions, directly confronted senior level management, including the Chief Executive Officer, about this practice of discriminating against the Plaintiff because of his race and/or national origin, in referring patients to majority or predominantly Caucasian doctors or specialty groups. All of these discussions have ended in futility,

notwithstanding the fact that one management official apologized to the Plaintiff for this conduct.

16. The Plaintiff has been threatened with Peer Review after complaining to some of the Defendants about the discriminatory conduct exhibited by senior level staff, as well as, executive staff of the Defendants' corporation.

17. Further, subsequent to the Plaintiff complaining about the discriminatory conduct, including but not limited to, the hereinabove mentioned preferential referral of patients to non-minority health care providers, such as the Plaintiff, the Defendants increased their efforts to deny referrals of any caliber to this Plaintiff, as well as other minority health care providers.

18. On many occasions, the Plaintiff has patients that have sought treatment at the Defendants' hospital. On some of those occasions, the Defendants, through their agent and/or servants, in a concerted and well-orchestrated manner, referred patients to outside majority Caucasian providers, sometimes without the patients consent.

19. For example, on one occasion, a minority doctor was at the Defendants' hospital when one of his patients sought emergency treatment at the same hospital. Notwithstanding the fact that the patient wanted to be referred to that African-American doctor for follow-up visits, the doctor or hospitalist that treated the patient insisted that the patient go to a Caucasian health care provider for follow-up visits.

20. The Defendants have, by and through their agents and/or servants, continually engaged in efforts to interfere with the contract that this Plaintiff and other African-American doctors have with their patients, by way of referring the Plaintiff's patients

to Caucasian health providers, notwithstanding the fact that the patients are being treated by minority doctors.

21. Plaintiff asserts that the Defendants, Bon Secour St. Francis Hospital, Roper St. Francis Hospital, and Mount Pleasant Hospital, have a history of discriminatory conduct in regards to race as it relates to minority and/or African-American doctors. Specifically, in the case of one African-American male doctor, who is no longer employed at Roper St. Francis Hospital, the Defendants did not accord that African-American doctor space or adequate space in which to render professional services to his patients. That African-American doctor was made to stand up at any counter, repeatedly, to render services to his patients while Caucasian doctors, whom were similarly situated to that doctor, did not have to suffer that kind of indignity.

22. In particular this doctor, who was African-American, had to do his chart notes while standing up as opposed to white doctors who were accorded pods and/or offices in which to chart their notes. The same African-American doctor, on many occasions, was not provided a room in which to see or treat his patients while white doctors, who were similarly situated to this African-American doctor, were always given rooms or pods to see or treat their patients.

23. Furthermore, in line with what the Plaintiff is alleging in this action, the hereinabove mentioned African-American doctor alleged that some of his established patients' medical records were routinely switched to reflect other Caucasian physician as their primary care provider without that doctor's or the patient's knowledge or consent.

24. The Plaintiff alleges that the Defendants, along with other conspirators, on repeated occasions, acted in concert with each other conspiring to deprive the Plaintiff of the

contractual rights that he had established with his patients, in that the conspirators would routinely refer the Plaintiff's patients to non-outside base Caucasian doctors without the patient or the Plaintiff's consent. Plaintiff further asserts that, because of the hereinabove mentioned conspiratorial efforts of the Defendants acting in concert and together with other conspirators and/or the Defendants' agents, servants, and employees, in addition to other discriminatory acts against the Plaintiff, all because of his race and national origin, caused the Plaintiff special damages in an amount to be proven at trial.

25. Further, Plaintiff asserts that Caucasian doctors similarly situated to the Plaintiff, were and are treated significantly more favorable than the Plaintiff or other minority doctors are, inasmuch as the Defendants rarely, if ever, refer Caucasian doctors' patients that presented themselves for treatment at Bon Secour St. Francis Hospital, Roper St. Francis Hospital, or Mount Pleasant Hospital, to non-Caucasian health care providers.

26. Plaintiff further asserts that black patients at the Defendants' hospital are treated differently than white patients.

**FOR A FIRST CAUSE OF ACTION**
**(Race Discrimination)**
**(42 U.S.C.A. Code §1981, as amended)**

27. Plaintiff realleges each and every allegation set forth hereinabove as if repeated verbatim.

28. Plaintiff alleges that the Defendants' conduct towards the Plaintiff were and are engaged in by the Defendants solely because of the Plaintiff's race, in violation of 42 U.S.C.A. Code 1981, as amended.

29. Plaintiff further alleges that he was retaliated against to the extent that the Plaintiff continuously complained to the Defendants because he was in opposition to the discriminatory practices of the Defendants as it relates to the Plaintiff and/or other African-American employees and/or doctors of the Defendants' corporation.

30. As a result of the unlawful violation and/or race discrimination by the Defendants, the Plaintiff suffered damages, both punitive and actual, in an amount to be proven at trial.

**FOR A SECOND CAUSE OF ACTION**
**(Retaliation)**
**(42 U.S.C.A. Code §1981, as amended)**

31. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

32. The Plaintiff was retaliated against by the Defendants for engaging in a protected activity and that each time the Plaintiff complained, either verbally or in writing, the retaliation continued and became more severe by the Defendants.

33. As a result thereof, the Plaintiff suffered damages, both punitive and actual, if applicable, in an amount to be proven at trial.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of 42 U.S.C.A. Code §1985, *et seq.*)**

34. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

8

35. Plaintiff asserts that because his rights accorded to him under 42 U.S.C.A. Code §1985 were violated, as a result and because of his race, all in violation of the hereinabove mentioned statute.

36. As a result thereof, the Plaintiff suffered damages, both punitive and actual, if applicable, in an amount to be proven at trial.

## FOR A FOURTH CAUSE OF ACTION
### (Violation of Title VI of the 1964 Civil Rights Act)

37. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

38. Plaintiff asserts that the Defendants' conduct in discriminating against him as an African-American practitioner and/or health care provider, is contravened and in direct conflict with the edicts of Title VI of the 1964 Civil Rights Act.

39. Plaintiff asserts that the discrimination against the Plaintiff are intentional and directly calculated to do harm, by way of causing financial loss to the Plaintiff and other African-American physicians in the Defendants' service area.

## FOR A FIFTH CAUSE OF ACTION
### (Civil Conspiracy)

40. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

41. The Plaintiff asserts that the Defendants, along with outside Caucasian owned and operated cardiology practices in concert with each other and among themselves, conspired to engage in a course of conduct and a common design to damage

Plaintiff's practice, thereby causing the Plaintiff special damages, both punitive and actual, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for damages as follows:

a. Compensatory damages, loss wages and benefits; damages accorded under 42 U.S.C.A. 1981, as amended; 42 U.S.C.A. 1985, as amended; and the 1991 Civil Rights Act, as amended;

b. Punitive damages in an amount to be proven at trial;

c. Attorney's fees and costs for this suit pursuant to the 1976 Civil Rights Attorney's Fees Act:

d. Prejudgment interest on all claims;

e. Injunctive relief;

And for such other relief as this Court may deem just, equitable and proper.

                                                      BY:    s/*Edward M. Brown, Esquire*
                                                                            EDWARD M. BROWN, ESQUIRE
                                                                            Attorney for the Plaintiff
                                                                            Federal I. D. No. 1510
                                                                            P. O. Box 20261
                                                                            Charleston, SC  29413
                                                                            (843) 559-9224
                                                                            (843) 559-9226 (Fax)

Charleston, South Carolina

Dated:  May 2, 2019